UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NICOLE RENELLE MALICK-
WIMMER,

    Plaintiff,

v.                                        Case No.:  2:20-cv-885-JES-MRM

DEREK PAUL WIMMER, MARY
COSMO, STATE OF FLORIDA and
TWENTIETH JUDICIAL CIRCUIT,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter comes before the Undersigned *sua sponte* upon review of the docket. Plaintiff,[1] an attorney proceeding *pro se*, has failed to comply with or respond to several of this Court's Orders despite being specifically warned that such failure may result in the dismissal of her action. Thus, upon review of the docket and for the reasons stated herein, the Undersigned recommends that Plaintiff's Petition for

---

[1] Notably, Nicole Renelle Malick-Wimmer refers to herself as Petitioner in her first filing and identifies Derek Paul Wimmer, Mary Cosmo, the State of Florida, and the Twentieth Judicial Circuit as Respondents. (*See* Doc. 1). However, Derek Paul Wimmer, Mary Cosmo, the State of Florida, and the Twentieth Judicial Circuit have characterized themselves as Defendants and identified Nicole Renelle Malick-Wimmer as Plaintiff. (*See* Docs. 18, 20, 21). For the sake of clarity and simplicity, and without determining the appropriateness of one designation over another, the Undersigned refers to Nicole Renelle Malick-Wimmer as Plaintiff and Derek Paul Wimmer, Mary Cosmo, the State of Florida, and the Twentieth Judicial Circuit as Defendants.

Writ of Mandamus, Prohibition, and Quo Warranto (Doc. 1) be **DISMISSED without prejudice**.

## LEGAL STANDARD

The decision to dismiss for want of prosecution is within the Court's discretion. *See McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (citing *Martin-Trigona v. Morris*, 627 F.2d 680, 682 (5th Cir. 1980)).[2] The Eleventh Circuit has held, however, that "the severe sanction of dismissal – with prejudice or the equivalent thereof – should be imposed 'only in the face of a clear record of delay or contumacious conduct by the plaintiff.'" *Id.* (citing *Martin-Trigona*, 627 F.2d at 682). The Eleventh Circuit continued that "such dismissal is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable." *Id.* (citing *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); *E.E.O.C. v. Troy State Univ.*, 693 F.2d 1353, 1354, 1358 (11th Cir. 1982)). The Court further held that "[a] finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal." *Id.* (citing *Searock*, 736 F.2d at 653; *Troy State*, 693 F.2d at 1354, 1357). Nevertheless, if the Court dismisses the action without prejudice, the standard is less stringent "because

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

the plaintiff would be able to file [the] suit again." *Brown v. Blackwater River Corr. Facility*, 762 F. App'x 982, 985 (11th Cir. 2019) (alteration in original) (quoting *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 212-13 (5th Cir. 1976)).

Additionally, Local Rule 3.10 states that "[a] plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay." M.D. Fla. R. 3.10.

## ANALYSIS

While dismissal for failure to prosecute is a harsh sanction, the Undersigned can only conclude that Plaintiff's failure to comply timely with this Court's prior Orders and to heed the Court's instructions is willful. *See McKelvey*, 789 F.2d at 1520.

Specifically, on June 28, 2021, the Court noticed this action for a Preliminary Pretrial Conference set for August 17, 2021, before the Undersigned. (Doc. 25). Additionally, the Court ordered the parties to file a joint Case Management Report no later than August 5, 2021. (*Id.*). In connection with the Case Management Report and Preliminary Pretrial Conference, on July 1, 2021, the Court entered the Order Governing Preliminary Pretrial Conference, which states:

> **Sanctions for Failing to Comply:** Counsel of record and any pro se litigant appearing in the case *must comply fully with the requirements and deadlines set forth in the hearing notice* (*see* Doc. 25), the Civil Action Order, and this Order. Any failure to comply—including but not limited to *any failure to file a Case Management Report* by the deadline specified in the notice or *any failure by counsel or by a pro se litigant to appear as directed for the Preliminary Pretrial Conference*—may result in

3

> the imposition of sanctions under Fed. R. Civ. P. 16(f) or other relevant authority. Unless the Court cancels or reschedules the Preliminary Pretrial Conference in writing and on the docket, the parties should assume that the hearing will occur on the date and at the time specified in the notice.

(Doc. 28 at 1-2 (emphasis added)).

Then, on August 4, 2021, following a notice of non-compliance, (*see* Doc. 32), the Court entered a Text Order permitting the parties to each file unilateral Uniform Case Management Reports and warning Plaintiff that "any further refusal to meet her obligations in this case may result in the imposition of sanctions, including but not limited to the dismissal of the action," (Doc. 33).

Thereafter, on August 16, 2021, the Court entered a Text Order to Show Cause (1) noting that while Defendant Cosmo had appeared in the action as counsel for Defendant Derek Paul Wimmer, Defendant Cosmo had not appeared in her capacity as a Defendant and (2) requiring Plaintiff to show cause why the action should not be dismissed for failure to prosecute as to Defendant Cosmo based on the lack of an appropriate motion seeking a clerk's default or an extension of time to complete service. (Doc. 38). Plaintiff failed to comply with this Order.

On August 17, 2021, the Undersigned convened the duly noticed Preliminary Pretrial Conference. (*See* Docs. 25, 41, 47). Plaintiff failed to appear at the hearing despite (1) the Court's attempt to contact her before proceeding, (2) the June 28, 2021 Notice of Hearing mailed to Plaintiff, and (3) the July 1, 2021 Order Governing Preliminary Pretrial Conference warning Plaintiff that failure to appear at the

Preliminary Pretrial Conference as ordered may result in sanctions. (*See* Docs. 28, 41, 47). In fact, before the start of the hearing, when the Courtroom Deputy Clerk called the telephone number provided by Plaintiff in her Petition for Writ of Mandamus, Prohibition, and Quo Warranto, (Doc. 1 at 1), (832) 995-8889, an individual answered the phone, but then hung up, (Doc. 47). Accordingly, during the hearing, the Undersigned construed Plaintiff's conduct as a willful refusal to join the hearing as ordered. (Doc. 47).

Thus, the Court entered an Order to Show Cause requiring Plaintiff to show good cause in writing as to why (1) she failed to file a Case Management Report as required, (2) she failed to appear at the duly noticed Preliminary Pretrial Conference, and (3) the Court should not impose sanctions, including but not limited to reimbursement of opposing counsel's fees for time incurred preparing for and attending the hearing or dismissal of the action. (Doc. 39 at 2). Additionally, the Court warned that:

> Any failure to comply fully and meaningfully with this Order by [August 30, 2021,] will result in the Court, without further notice: [(1)] entering a second order to show cause; and [(2)] entering an order imposing sanctions and may also result in the Undersigned recommending that this action be dismissed for failure to prosecute.

(*Id.*). Again, Plaintiff failed to comply with the Court's Order.

Accordingly, on September 9, 2021, the Court entered an Order requiring Plaintiff to show good cause as to: (1) why she failed to comply with this Court's prior Orders to Show Cause; and (2) why this action should not be dismissed for

failure to prosecute as to all Defendants. (Doc. 48 (citing Docs. 38, 39)). Additionally, the Court warned Plaintiff: "[f]ailure to respond to this Order will result in the Undersigned recommending to the presiding United States District Judge that the action be dismissed as to all Defendants for failure to prosecute." (*Id.*). For a third time, Plaintiff failed to comply with or respond to the Court's Order.

In sum, Plaintiff failed to respond to or comply with: (1) the Court's June 28, 2021 Notice of Hearing requiring the parties to file a joint Case Management Report and attend the Preliminary Pretrial Conference, (Doc. 25; *see also* Docs. 28, 33); (2) the Court's July 1, 2021 Order Governing Preliminary Pretrial Conference, (Doc. 28), which reiterated Plaintiff's obligations in connection with the Preliminary Pretrial Conference; (3) the Court's August 4, 2021 Order requiring Plaintiff to file a Case Management Report, (Doc. 33); (4) the Court's August 16, 2021 Text Order to Show Cause requiring Plaintiff to file an appropriate motion regarding Defendant Cosmo's lack of an appearance in the action, (Doc. 38; *see also* Doc. 47); (5) the Court's August 17, 2021 Order to Show Cause requiring Plaintiff to show good cause for her failure to attend the duly noticed Preliminary Pretrial Conference, (Doc. 39); and (6) the Court's September 9, 2021 Text Order to Show Cause requiring Plaintiff to respond to the Court's prior Orders, (Doc. 48). Moreover, Plaintiff failed to respond despite the Court's unambiguous warnings of potential dismissal. (*See* Docs. 28, 33, 38, 39, 48).

The Undersigned can only find that Plaintiff's failure to comply with this Court's repeated Orders is willful.

Notably, a dismissal without prejudice amounts to a dismissal with prejudice if the statute of limitations bars the plaintiff from refiling the complaint. *See Perry v. Zinn Petroleum Cos., LLC*, 495 F. App'x 981, 984 (11th Cir. 2012) (citing *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981); *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir.1976)). Notwithstanding any potential risk that Plaintiff's claims may be barred by statutes of limitations, the Undersigned recommends dismissal without prejudice so Plaintiff can re-assert any claim not barred by a statute of limitations. Additionally, any risk that Plaintiff's claims may be barred by statutes of limitations does not overcome the Undersigned's finding that dismissal is appropriate in light of the above finding that Plaintiff's repeated failures to comply with the Court's Orders were willful.

Moreover, the Undersigned finds that lesser sanctions will not suffice. The instant litigation has been ongoing for nearly a year, Plaintiff's conduct has necessitated multiple motions and Orders (*see, e.g.*, Docs. 22, 30, 31, 32, 33, 38, 39, 40, 48), and Plaintiff's refusal to engage in the prosecution of her case has frustrated the Court's ability to engagement in effective case management consistent with Rule 16 and has caused an unacceptable delay in the resolution of the action. The Court has directly ordered Plaintiff to comply with her obligations in this case multiple times and Plaintiff has entirely ignored those Orders. (*See, e.g.*, Docs. 22, 25, 28, 33, 38, 39, 42, 47, 48). Moreover, several of those Orders expressly warned that failure

7

to comply may result in dismissal of Plaintiff's claims. (*See, e.g.*, Docs. 28, 33, 38, 39, 48). If the express warning of the potential for dismissal for failure to prosecute is insufficient to convince Plaintiff to actively prosecute her case and comply with Court Orders, the Undersigned finds that any lesser sanction is highly unlikely to secure Plaintiff's compliance.

Accordingly, because Plaintiff's noncompliance with the Court's Orders has been willful and because lesser sanctions would be ineffective, the Undersigned recommends that Plaintiff's case be dismissed without prejudice.

Additionally, by failing to respond whatsoever to the Court's Orders to show cause, Plaintiff has also failed to demonstrate due diligence and just cause for her delay as required by Local Rule 3.10. *See* M.D. Fla. R. 3.10. Thus, dismissal is appropriate. *See id.*

## CONCLUSION

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Petition for Writ of Mandamus, Prohibition, and Quo Warranto (Doc. 1) be **DISMISSED without prejudice** for failure to comply with the Court's Orders and failure to prosecute.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on October 7, 2021.

Mac R. McCoy
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the date the party is served a copy of this Report and Recommendation to file written objections to the Report and Recommendation's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C).  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  A party wishing to respond to an objection may do so in writing fourteen days from the date the party is served a copy of the objection.  The parties are warned that the Court will not extend these deadlines.  To expedite resolution, the parties may also file a joint notice waiving the fourteen-day objection period.

Copies furnished to:

Counsel of Record
Unrepresented Parties