```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

NICOLE RENELLE MALICK-WIMMER,

      Plaintiff,

v.                                    Case No: 2:20-cv-00885-JES-MRM

DEREK PAUL WIMMER, MARY COSMO, STATE OF FLORIDA and TWENTIETH JUDICIAL CIRCUIT,

      Defendants.

_____/

## OPINION AND ORDER

This matter comes before the Court on consideration of the Magistrate Judge's Report and Recommendation (Doc. #49) filed on October 7, 2021, recommending that the case be dismissed without prejudice for failure to prosecute.[1] No objections have been filed and the time to do so has expired.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112, 103 S. Ct. 744, 74 L. Ed. 2d 964

---

[1] Defendants Derek Paul Wimmer and the Twentieth Judicial Circuit and the State of Florida have also filed motions to dismiss for failure to prosecute pursuant to Local Rule 3.10. (Docs. ##23, 24.)

(1983). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

This case was initiated on November 6, 2020. (Doc. #1.) Since the initial filing, plaintiff Nicole Renelle Malick-Wimmer (Plaintiff)[2] has failed to comply with the Court's orders or heed its instructions. Specifically, Plaintiff failed to reply to the Court's June 28, 2021 Notice of Hearing requiring the parties to file a joint Case Management Report (Doc. #25), and the August 4, 2021 Order requiring Plaintiff to file a Case Management Report (Doc. #33). Likewise, Plaintiff failed to appear at a duly noticed Preliminary Pretrial Conference scheduled on August 17, 2021, despite the Court attempting to contact Plaintiff before proceeding. (Doc. #49, p. 5; Docs. ##25, 41, 47.) Additionally, the Court issued two separate Orders to Show Cause as to why

---

[2] Plaintiff is an attorney who proceeded *pro se* in this matter. (Doc. #49, p. 1.)

2

Plaintiff failed to attend the Preliminary Pretrial Conference (Doc. #39), and requiring Plaintiff to respond to the Court's prior Orders (Doc. #48). Finally, the Court repeatedly warned Plaintiff that "any further refusal to meet her obligations in this case may result in the imposition of sanctions, including but not limited to the dismissal of the action." (Docs. ##28, 33, 38, 39, 48.) After conducting an independent examination of the file and upon due consideration of the Report and Recommendation, the Court accepts the Report and Recommendation of the magistrate judge.

Accordingly, it is now

**ORDERED**:

1. The Report and Recommendation (Doc. #49) is hereby **adopted** and the finding incorporated herein.

2. The Clerk shall enter judgment dismissing the case without prejudice for failure to prosecute, terminate all pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this __28th__ day of October, 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:   Counsel of Record
          Unrepresented Parties